UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiffs,                                      No. 20-cr-20380

v.                                                     Honorable Nancy G. Edmunds

D-2 BRIAN W. BENDEROFF
        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART GOVERNMENT'S MOTION FOR ADJOURNMENT OF RESPONSE DEADLINE TO DEFENSE MOTION TO SUPPRESS (ECF NO. 113)**

This matter is before the Court on the government's motion for adjournment of response deadline to defense motion to suppress. (ECF No. 113.) The government is requesting a three-month adjournment of its response deadline to Defendant Brian W. Benderoff's motion to suppress, from June 10, 2022 to September 9, 2022. The Court finds that the matter is fully briefed and oral argument is not necessary on this matter. (LR 7.1(f)(2).)

Defendant filed a motion in response reminding the Court that the motion to suppress deadline had already been extended, and at that time the government was opposed to an extension of the date for Defendant to file a motion to suppress. That disagreement is memorialized in the scheduling order of January 19, 2022[1]. (ECF No. 99.)

---

[1] "The government argued the existing deadline for Benderoff's motion to suppress should not be adjourned but concurred with adjourning the remaining motion and trial dates—albeit for a period shorter than six months. . . . The cutoff for any suppression

1

Fed. R. Crim. P. 45(b) allows the Court to extend motion deadlines on a party's motion "for good cause." Fed. R. Crim. P. 45(b)(1). The government argues that Defendant's brief contains "more than 200 pages of material" in support of the motion to suppress, and that "[m]any of these allegations, including those in a 11-page affidavit submitted by Benderoff, have never previously been presented to the government." (ECF No. 113.) That is not completely accurate. Most of the pages provided as exhibits to Benderoff's motion, except for the declarations, were in the possession of the government prior to Defendant filing his motion.

Further, Defendant's prior attorney sent a letter dated July 16, 2020 to one of the assistant United States attorneys, stating that "[f]rom the reports provided to us . . . early in the investigation, I fail to see any probable cause to arrest/detain Mr. Benderoff. Mr. Benderoff has suggested other issues in this regard with respect to the way in which his signature was obtained on certain waiver documents." (ECF No. 114-1, PageID.2086.) Defendant filed a motion to suppress evidence with this Court on April 22, 2021, albeit without accompanying brief or exhibits and with leave of court to file the brief at a later date. That motion was six sentences long. Two of those sentences were: "Specifically, Benderoff moves to suppress his June 23, 2016 statements to law enforcement following the unlawful arrest. In addition, Benderoff moves to suppress other evidence seized on June 23, 2016 following the arrest, including information extracted from Benderoff's iPhone and iPad." (ECF No. 40.) More recently, in January 2021, Defendant's attorney, in an email to two of the assistant United States attorneys on this matter, notified that it

---

motion by Benderoff is adjourned from January 18, 2022 to May 20, 2022." (ECF No. 99, PageID.1419-20.)

2

was "defendant's position there was an unconstitutional arrest.  It is also defendant's position that, regardless of whether there was an arrest, his will was overborne prior to the interrogation and signing any search consent forms," and then set forth a list of information and items material to his defense.  (ECF No. 114-1.)  The government cannot plausibly argue that it was taken off guard by Defendant's motion to suppress and his allegations that the time spent with authorities on June 23, 2016 and statements made at that time were involuntary.  The government has not shown good cause for such a lengthy extension.

The government also moves for leave to issue subpoenas directing production of documents and objects 60 days prior to the deadline for the government to respond.  (ECF No. 113.)  The government has given no basis nor shown good cause for extending the timeline.  The subpoenas may be issued consistent with the Rules of Criminal Procedure and within the deadlines set forth below.

**Conclusion**

For the reasons stated herein, the Court denies in part and grants in part the government's motion for adjournment of response deadline.  The request for a three-month adjournment is denied.  The government's response to Defendant's motion to suppress is due July 19, 2022.  Defendant's Reply is due August 9, 2022.  No further extensions will be given on this matter.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 7, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
